Filed 6/15/16  P. v. Ostrander CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DAVID THOMAS OSTRANDER,<br><br>  Defendant and Appellant. | E064711<br><br>(Super.Ct.Nos. RIF1302080,<br>  RIF1409183)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Becky L. Dugan, Judge. Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant David Thomas Ostrander appeals from the superior court's denial of his Proposition 47 petitions for resentencing regarding two convictions for second degree burglary (Pen. Code, § 459).[1]  We affirm the court's rulings.

### FACTS AND PROCEDURE

On March 23, 2013, defendant broke into a locked vehicle and took some property from it.  In case No. RIF1302080, defendant pled guilty to second degree burglary (§ 459) and another charge and admitted prior convictions.

On July 17, 2014, defendant unlawfully entered a golf course clubhouse with the intent to steal.  In case No. RIF1409183, he pled guilty to second degree burglary and admitted prior convictions.

In November 2014, California voters approved Proposition 47.  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  "Proposition 47 also created a new resentencing provision:  section 1170.18.  Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47."  (*Id.* at p. 1092.)

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

On February 5, 2015, defendant filed two petitions under section 1170.18 seeking to have his burglary convictions in the two above cases reduced to misdemeanors.

On March 3, 2015, the People filed responses arguing neither burglary was eligible for redesignation because case No. RIF1302080 was for the burglary of a car and case No. RIF1409183 was for the burglary of a "Noncommercial establishment. Golf course clubhouse."

On March 30, 2015, the superior court denied both petitions on the grounds argued by the People.

This appeal followed.

### DISCUSSION

Upon defendant's request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, pointing out a potentially arguable issue and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. We have now concluded our independent review of the entire record and find no arguable issues. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

3

## DISPOSITION

The superior court's orders denying defendant's petitions for resentencing are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

HOLLENHORST
J.

SLOUGH
J.

4